GENERAL SILK IMPORTING CO., INC., Respondent, *v.* MARY D. SMITH and Others, as Executrices, etc., of GERARDUS SMITH, Deceased, Appellants.

First Department, April 21, 1922.

**Guaranty — action against representatives of deceased guarantor on guaranties of payment for goods sold by plaintiff to third person but delivered after death of guarantor — three causes of action insufficiently pleaded under terms of guaranties — fourth cause of action sufficiently pleaded — executors and administrators — modifications of sale contracts binding on legal representatives of guarantor.**

In an action against the personal representatives of a deceased guarantor on guaranties of payment for goods sold by the plaintiff to a third person but delivered after the death of the guarantor, which guaranties were conditional upon the plaintiff's complying with certain terms, an examination of the complaint showed that the first three causes of action were insufficiently pleaded as there were omissions of allegations of due performance on the part of the plaintiff or of excuses for non-performance, but the fourth cause of action, giving the complaint the interpretation most favorable to the plaintiff, was sufficiently pleaded.

It seems, that if enforcible agreements of purchase and sale were made between the plaintiff and the third person, then any modifications subsequently made between the parties, within the limits allowed by the guaranties, would be binding on the guarantor's legal representatives.

APPEAL by the defendants, Mary D. Smith and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 26th day of October, 1921, granting plaintiff's motion for judgment on the pleadings consisting of a complaint and a demurrer thereto.

*Cravath, Henderson, Leffingwell & DeGersdorff [A. Arthur Jenkins* of counsel; *Hoyt A. Moore* with him on the brief], for the appellants.

*Gould & Wilkie [R. L. von Bernuth* of counsel; *Charles G. Keutgen* with him on the brief], for the respondent.

GREENBAUM, J.:

The question is, does the complaint set forth facts sufficient to constitute a cause of action? The appellants are the executrices

of the last will and testament of Gerardus Smith, who died on February 15, 1920. The respondent is a corporation trading in raw silk. The action arises out of certain guaranties given by the defendants' testator to the plaintiff to secure it for the payment of raw silk sold from time to time on credit to a corporation known as the Pennsylvania Textile Company.

The chief question presented upon this appeal is whether the decedent's estate is bound by these guaranties for goods delivered by the plaintiff to the textile company after the death of the testator.

The complaint sets up four causes of action. The first, second and third causes of action are predicated upon the theory that, relying upon the guaranties, the plaintiff from time to time entered into agreements with the Pennsylvania Textile Company for the purchase and sale of raw silk. The agreements to guarantee were three in number, signed only by Gerardus Smith and two others, as guarantors, and were not signed by the respondent. The respective counsel are in accord with the proposition that the instruments of guaranty, as executed, constituted merely offers to guarantee in the nature of continuing guaranties, of which plaintiff could avail itself as long as they remained unrevoked by notice or death of the guarantors. The guaranties are substantially of similar import except that in one of them, known as Exhibit J, it was provided that the sales to the textile company must be made at the market price prevailing at the time of the sales. Each of the guaranties, in effect, provides that, in consideration of the sales by the General Silk Importing Company (called the creditor) to the Pennsylvania Textile Company (called the debtor) of raw silk from time to time upon credit, the undersigned guarantee that " said debtor will duly perform all contracts entered into between said debtor and creditor for the purchase and sale of raw silk, and will pay the purchase price of all goods delivered under such contracts or otherwise when the same become due."

There are also provisions that " the creditor may from time to time extend the time for the performance, of, or otherwise modify, any and all contracts with said debtor, and may extend the time of payment of the whole or any part of the indebtedness of said debtor," etc.; and that the guaranty shall remain " in force and effect until the delivery to the said creditor * * * of a written notice * * * terminating the same and shall attach to all sales made and contracts entered into prior to said date." Appended to the complaint and in amplification thereof are the various guaranties, the so-called agreements of purchase and sale between the plaintiff and the textile company, alleged to have

been made on the strength thereof, and schedules showing the dates of the various shipments of silks made under the agreements of sale.

The first three causes of action refer to five different shipments.

An examination of the complaint read in connection with the exhibits just described reveals that none of the so-called contracts of purchase and sale were signed by the plaintiff. They were orders, upon certain terms and conditions, of the textile company for the purchase of certain quantities of goods to be shipped during certain months. Unless the seller accepted a given order upon the terms therein described, it would not ripen into an agreement, for the breach of which the buyer could assert a claim against the seller in case of his failure to comply with the terms of the order. A reading of the schedules, giving dates of shipment and description of goods and quantities in fulfillment of the various so-called contracts of purchase and sale, shows that all of the shipments were made subsequent to the dates provided for in the alleged contracts and subsequent to the date of the death of the guarantor, Gerardus Smith. Although each of the three causes of action refers to a contract made between plaintiff and the textile company, each of the exhibits alleged to be the contract is only signed by the textile company.

In the first cause of action the plaintiff alleges that it duly performed its contract with the textile company " except as hereinafter alleged," but it nowhere thereafter alleges any excuse or reasons showing why there was not full performance or that due performance had been waived. In the second cause of action there is no allegation of due performance as to one of the transactions therein set forth, although, in respect to a second transaction therein described, due performance is alleged. In the third cause of action there is no allegation of due performance.

From what has been said it is apparent that the first, second and third causes of action are insufficiently pleaded in that there are omissions of allegations of due performance or of excuses for non-performance; that in all of them there is a failure to allege whether and when plaintiffs accepted the offers of purchase made by the textile company, or entered into enforcible agreements of sale with the company, whether and when and in what respect the agreements, if made, were modified. In the third cause of action there is no allegation that the contract of purchase and sale, made with the textile company pursuant to the guaranty known as Exhibit J, was based upon the market price of the goods then prevailing, which was one of the conditions of the guaranty.

In this connection we may say that, in our opinion, if enforcible

agreements of purchase and sale were made between the textile company and the plaintiff, then any modifications subsequently made between the parties to the extent provided for in the guaranties would be binding upon the guarantor's legal representatives.

As to the fourth cause of action, we are of opinion that it is sufficiently pleaded. The complaint alleges that on or about the 5th day of February, 1920, the plaintiff drew its draft or bill of exchange directed to the Pennsylvania Textile Company to pay the sum of $12,946.10, six months after the date thereof; that the textile company duly accepted the bill for value received on or about the 11th day of February, 1920; that after such acceptance and prior to its delivery to the plaintiff, defendants' testator " Gerardus Smith duly endorsed the same and said bill so endorsed was thereafter and before its maturity duly delivered to plaintiff."

It is also alleged that the bill was given in payment of ten bales of silk; and that the indorsement of Smith, before delivery by defendants' testator, was for the accommodation of the Pennsylvania Textile Company and for the purpose of giving that company credit with plaintiff " in pursuance of an agreement between defendants' testator and the plaintiff by which the plaintiff agreed to sell said silk on credit to said Pennsylvania Textile Company," and that " plaintiff was induced to take said bill for said silk by reason of defendants' said endorsement and pursuant to his agreement to pay the same if said Pennsylvania Textile Company should fail to do so."

Appellants contend that there is no allegation that the sale of goods in question on credit was made to the textile company. The bill of exchange, however, on its face shows that it was payable within six months.

It is true that it is not alleged when the draft indorsed by Smith was delivered, nor does it appear whether or not the consideration for making such indorsement passing to Smith was in writing. We must, however, give the pleading an interpretation most favorable to the plaintiff. No injustice can flow to the defendants by reason of the omissions suggested, inasmuch as it is open to them to obtain particulars as to the date of delivery of the draft and the details affecting the consideration for the indorsement, and to plead in their answer the Statute of Frauds if they deem that statute available to them.

The order appealed from will be modified by reversing so much thereof as overruled the demurrer to the first, second and third causes of action and by sustaining the demurrer thereto, and as

modified the order will be affirmed, without costs to either party, with leave to plaintiff to serve an amended complaint.

CLARKE, P. J., LAUGHLIN, SMITH and MERRELL, JJ., concur.

Order modified by reversing so much thereof as overrules the demurrer to the first, second and third causes of action and by sustaining the demurrer thereto, and as so modified affirmed, without costs, with leave to the plaintiff to serve an amended complaint.